## CARR v MARION MASONIC TEMPLE COMPANY

Ohio Appeals, 3rd Dist, Marion Co

No 892.

Amendment of opinion of May 7, 1940, so as to comprehend only the decision on that date of the motions theretofore submitted.

Wm. P. Moloney, Marion; Sandles, Elliott & Ashbaugh, Columbus, for plaintiff-appellant.

Carhart, Warner & Carhart, Marion, for defendant-appellee.

### OPINION

**BY THE COURT:**

This is an appeal on questions of law from a judgment of the Common Pleas Court of Marion County entered May 11, 1938, sustaining a motion to quash service of alias summons issued on the petition filed therein by Mary E. Carr as plaintiff against The Marion Masonic Temple Company as defendant, and dismissing the petition.

In her petition the plaintiff as the widow and dependent of Harry E. Carr deceased, asked for judgment entitling her to participate in the workmen's compensation fund as such widow and dependent of Harry E. Carr who is alleged to have sustained injuries in the usual course of his employment by The Marion Masonic Temple Company, resulting in his death.

In her petition the plaintiff charges that at the time of the injuries, the company had regularly in its employ

three or more employees and was amenable to the Workmen's Compensation Law. and that within the time required by law she filed with the Industrial Commission her claim for compensation on account of the injuries, and that from time to time hearings were held on the claim, and on the 12th day of July, 1937, an order was made disallowing the claim on rehearing, and that within sixty days thereafter she filed her petition in the Common Pleas Court of Marion County.

The original papers in the cause, notice of appeal, and transcript of the docket and journal entries in the Common Pleas Court and briefs of both parties, were filed in this court, but no bill of exceptions and no separate assignments of error were filed and the appellant in her brief did not specifically designate any parts thereof as assignments of error but did specify certain propositions of law applicable to and applied to the facts as shown by the record, and argued that the same require reversal of the judgment as contrary to law.

On December 14, 1938, the defendant-appellee filed its motion to dismiss the appeal for want of jurisdiction, assigning as its ground for the motion that "No assignments of error have been filed herein or mentioned in appellant's brief."

The cause was thereafter submitted to this court upon the motion to dismiss, above mentioned, and during the progress of the hearing The Marion Masonic Temple Company made an oral motion to dismiss the appeal upon the ground that the order appealed from showed on its face that upon the sustaining of the motion to quash the service of alias summons, the petition was dismissed upon the motion of the plaintiff, and the plaintiff was thereby precluded from claiming error in the order dismissing the petition.

Decisions on the motions were reserved, and thereafter, under date of May 17, 1939, this court caused minutes to be entered on its trial docket, of its decision granting the oral motion to dismiss the appeal upon the grounds set forth therein. No decision was made or entered on the written motion to dismiss the appeal.

Before any entry had been made on the journal, of the decision mentioned, the appellant filed a motion in this court representing that the entry of the judgment appealed from did not correctly reflect the action had by the court in the premises in that the dismissal of the petition was made by the court sua sponte and not upon the motion of the plaintiff, and suggested diminution of record.

This court, under date of July 14, 1939, sua sponte ordered that the minutes entered upon the trial docket be expunged, and upon the suggested diminution of record, for good cause shown, granted leave to appellant to file an amended transcript of docket and journal entries or an amendment to the existing certified transcript of docket and journal entries, incorporating such additional journal entries or corrections thereof, if any as may be made by the trial court. Thereafter, the court, upon motion subsequently made, extended the time for filing of the amended transcript, and the same was filed in the form of addenda to the original transcript within the period of the last extension granted by the court.

The addenda to the transcript of the docket entries shows the following entries:

"May 26, 1938. Affidavit filed.
"Dec. 18, 1939. Sept. Term, 1939. Jour. No. 68, Page No. 598. This cause being heard on the motion to correct the entry heretofore filed herein, it is considered that the motion be allowed and the entry corrected all as shown in the substituted entry · approved and signed by the judge presiding"

The addenda to the transcript of journal entries shows the following entry:

"Dec. 18, 1939. Sept. Term 1939. Jour. No. 68 Page 598. This day this cause came on to be heard on the motion of

plaintiff to correct the entry heretofore filed in this cause on the 11th day of May, 1938, to make the same correctly set forth the action taken in this cause on that date, which motion the court do sustain and said entry is corrected to read as follows:

"This day this cause came on to be heard on motion of defendant heretofore filed herein to quash the service of the alias summons herein and was submitted to the court. Upon consideration whereof the court do find said summons is regular and the service thereof is regular but that the time for the commencement of this action in this court as prescribed by law, has expired and therefor the motion to quash should · be, and the same is sustained. And the court having found that the time within which this action may be commenced in this court, has expired, it is therefore considered by the court that the petition herein be and the same is dismissed at the costs of plaintiff. Judgment against plaintiff for costs. To all of which plaintiff excepts.

It is further ordered that inasmuch as this entry correctly recites the action taken by the court in this cause on the 11th day of May, 1938, that this entry shall in all respects supercede the entry filed on that day and this entry shall stand as a correct recital of the court's action on said 11th day of May, 1938. A. V. Baumann, Judge."

The Marion Masonic Temple Company also filed herein a bill of exceptions of the proceedings had by the trial court in-connection with the making of the order of December 18, 1939, set forth in the addenda to the transcript, but filed no notice of appeal from the order.

The Marion Masonic Temple Company thereafter filed its motion to dismiss the appeal upon the following grounds:

1. That the notice of intention to appeal was not filed within twenty days from the date upon which the court quashed the service of summons in the first instance.

2. That no authorized change was made in the journal entry when diminution of record was authorized.

This motion has been submitted to the court, so that we have for consideration at this time the first filed motion to dismiss the appeal upon the ground of failure to file assignments of error, which has heretofore not been decided; and if this motion is not sustained, the last filed motion to dismiss the appeal upon the ground therein stated.

1. With reference to the first filed motion to dismiss the appeal, while no separate assignments of error were filed, and the appellant in her brief does not specifically designate any parts thereof as assignments of error, she does in her brief specify certain propositions of law applicable to and by her applied to the facts shown of record, which she argues requires the reversal of the judgment appealed from, as contrary to law, which without further designation or specification, under the liberal construction applicable to remedial statutes is sufficient to constitute the incorporation in her brief of an assignment of error that the judgment is contrary to law. For this reason the motion to dismiss the appeal for failure to file assignments of error is overruled.

2 In connection with the second filed motion to dismiss the appeal, it is necessary to consider the following facts appearing in the transcript of docket and journal entries of the Common Pleas Court and in the original papers in the cause filed herein.

It appears from the transcript mentioned, that Sandles, Elliott & Ashbaugh and W. P. Moloney are attorneys of record for the plaintiff Mary E. Carr, and Carhart, Warner & Carhart are attorneys of record for the defendant The Marion Masonic Temple Company a corporation.

The following entries appear in the transcript of docket entries, to-wit:

"July 21, 1937. Petition filed with praecipe attached.

"July 21, 1937. Summons issued for The Marion Masonic Temple Company, a corporation, directed to the sheriff of Marion County, Ohio, endorsed; action for right to participate in the Workmen's Compensation Act.

"July 23, 1937. May Term, 1937. Jour. 66, page 136. Cause advanced as per entry.

"July 27, 1937. Summons returned filed, endorsed: Received this writ on the 21st day of July, 1937, at 4 o'clock P. M. and on the 26th day of July, 1937, I served the within named The Marion Masonic Temple Company a corporation by personally handing to LeRoy Zachman, he being the service agent for the said The Marion Masonic Temple Company in my bailiwick a true and certified copy of this writ with all indorsements thereon. Fred F. Miller, sheriff. By Gene Geissler, Deputy.

"Sept. 25, 1937. Motion filed.

"Sept. 30, 1937. Affidavits of LeRoy Zachman, Gene Geissler, W. H. Miller and Clarence L. Price, in support of motion to quash service filed.

"Oct. 22, 1937. Sept. Term, 1937. Jour. 66, page 428. Filed Nov. 22, 1937. On consideration, motion to quash service is sustained. S. E.

"Nov. 24, 1937. Praecipe filed, alias summons issued for The Marion Masonic Temple Company, directed to the sheriff of Marion County, Ohio, endorsed: Action for right to participate in the Workmen's Compensation Act.

"Nov. 29, 1937. Alias summons returned, filed endorsed: Received this writ on the 24th day of November, 1937, at 3 o'clock P. M. and pursuant to its command I served the same on the 27th day of November, 1937, by delivering a true copy of it, with the endorsements thereon, personally to Clarence L. Price, he being the president of the within named The Marion Masonic Temple Company. Fred F. Miller, sheriff by W. H. Willis, deputy.

"Dec. 17, 1937. Motion filed.

"Dec. 31, 1937. Affidavit of Carl F. Haberman, clerk of court filed.

"April 11, 1938. Brief of defendant filed.

"April 14, 1938. May Term, 1938. Jour. 67, page 233. Filed May 11, 1938. Motion to quash alias summons is sustained.

"May 21, 1938. Notice of appeal on questions of law filed.

"May 21, 1938. Praecipe filed."

The following entries appear in the original transcript of journal entries, to-wit:

"July 23, 1937. May Term, 1937. Jour. 66, page 136. This day this cause having come on to be heard on this motion of the plaintiff to have the cause advanced for immediate hearing, and the court being fully advised in the premises finds said motion to be well taken and that this cause is an appeal from the adverse order of the Industrial Commission and has precedence by statute. It is thereby ordered that the case be advanced for immediate hearing at the convenience of the assignment commissioner. ———— Judge.

OK. Carhart, Warner and Carhart, attorneys.

Sandles, Elliott & Ashbaugh, attorneys.

W. P. Moloney, attorney.

"Oct. 22, 1937. Sept. Term, 1937. Jour. 66, page 428. Filed Nov. 22, 1937.

This day this cause came on to be heard upon the motion of the defendant to quash the pretended service herein, and said defendant coming for the purpose only on questioning the jurisdiction of the court over the person of said defendant, was argued by counsel and submitted to the court.

And the court being fully advised in the premises find that no legal service has been had over the person of the defendant herein, nor has it in any way entered its appearance herein up to the present time, and is not now in court for any purpose, and said motion of the defendant to quash the pretended service should be sustained.

It is therefore ordered, adjudged and decreed that the motion filed by the defendant on the 25th day of September, 1937, asking the court to quash the pretended service herein and com-

335

ing for that purpose only and not intending to enter its appearance herein be and the same is hereby sustained, to all of which the plaintiff did then and there except and does now here except. A. V. Baumann, Judge.

Approved:

Moloney, attorney.

Carhart, Warner & Carhart, attorneys. "Apr. 14, 1938. May Term, 1938. Jour. 67, page 233. Filed May 11, 1938.

This day this cause came on to be heard upon the motion of the defendant heretofore filed herein to quash the pretended service by an alias summons, and only to question the jurisdiction of the court over the person of the defendant, and for no other purpose, was argued by counsel and submitted to the court.

And the court being fully advised in the premises finds that the defendant appeared only for the purpose of quashing the pretended service by way of alias summons and to question the jurisdiction of the court over the person of the defendant, and for no other purpose, and has not entered its appearance herein in any manner or form, and further finds that said motion is well taken and should be sustained.

It is therefore ordered, adjudged and decreed that the motion of the defendant to quash the pretended service by way of alias summons be and the same is hereby sustained, as no legal and valid service has ever been made upon the person of the defendant, and this court has no jurisdiction over the person of said defendant; and on motion of the plaintiff, petition is hereby dismissed. Exceptions saved. ———— Judge. Approved, Moloney, attorney. Carhart, attorney."

The first motion to quash, filed September 25, 1937, omitting the caption and signature, is in the words and figures following, to-wit:

"Now comes the defendant, solely for the purpose of this motion, and not intending to submit to the jurisdiction of this court, nor enter its appearance herein, but for the sole purpose of questioning the jurisdiction of this court over the person of the defendant, moves the court to quash the pretended service of summons heretofore made in this cause, for the reason that said summons was not served upon the defendant, nor was it served in the manner required by law, nor upon the president or other chief officer of said defendant Ohio corporation."

The second motion to quash, filed December 17, 1937, omitting the caption and signature, is in the words and figures following, to-wit:

"Now comes the defendant, by its attorneys, and without entering its appearance herein, and solely for the purpose of filing this motion, moves the court that it quash alias service of summons in the above entitled action, upon the grounds that the court has no jurisdiction of the defendant."

It will be noted that the motion to quash the first service of summons is not based on the ground that the defendant is not amenable to the process of the court in the action but is based solely upon the grounds, first, that summons was not served on the defendant; and, second, that it was not served in the manner provided by law.

It will also be noted that the court in its order sustaining the motion, did not dismiss the cause.

The first ground of the last motion to dismiss is based on the assumption that the order mentioned was a final order bringing to a final determination the case in question and ending the case. This assumption is erroneous. As the motion was not based upon the ground that the defendant was not amenable to the process of the court in the action, and █ as the order sustaining the same did not dismiss the petition, the order was not a final order but merely an interlocutory order which the Common Pleas Court had jurisdiction to change at any time during the pendency of the cause. Towne

v National Machinery Company, 10 Oh Ap 265, Syllabus 1; Jones v Bontempo, 28 Abs 356.

The cases of **Uthoff v Debrie,** 62 Oh Ap 285, 286; **Allen v Smith,** 84 Oh St 283, and **Goroy v Black,** 100 Oh St 73, relied on by appellee as establishing the rule that the sustaining of a motion to quash service of summons is a final order, are all cases in which the motion to quash was based on the ground that the defendant was not amenable to the jurisdiction of the court, and have no application to cases in which the motion to quash is based on failure to serve, or irregularity in service.

As the order is not a final order, no appeal could be taken from it, and the fact that the plaintiff did not give notice of intention to appeal from this order did not in any way preclude him from appealing from a subsequent order made in the action. Consequently the first ground of the last motion to dismiss the appeal is not well taken.

Upon the second ground of this motion, the appellee contends that the order of the Common Pleas Court correcting the journal entry made on the hearing of the motion to quash the service of alias summons issued subsequent to the quashing of the first summons, is not warranted by the evidence as shown by the bill of exceptions, and consequently that the original entry showing the dismissal of the petition on the motion of plaintiff stands and under this original entry the dismissal of the petition being by plaintiff, error cannot be prosecuted by plaintiff.

The answer to this contention is that the appellee failed to appeal from the order correcting the journal entry and this court is therefore precluded from reviewing the evidence contained in the bill of exceptions for the purpose of determining whether the order is or is not warranted by the evidence.

In the absence of such an appeal the order stands as corrected, unassailed and unassailable. **Webb v Bond &**

Share Company, 115 Oh St 247, at page 257.

The correction of the entry relates back to the time the decision on the motion to quash was originally entered. As corrected the entry shows the sustaining of the motion to quash the alias summons upon jurisdictional grounds and the dismissal of the petition by the action of the court, not on the motion of plaintiff, and constitutes a final order from which an appeal lies on the part of plaintiff.

The second ground of the last filed motion to dismiss the appeal is therefore without merit, and both grounds being without merit the motion will be overruled.

CROW. PJ., KLINGER and GUERNSEY, JJ., concur.