JOURNAL ENTRY and OPINION
{¶ 1} Appellant Carlton Jacobs appeals pro se the trial court's order granting summary judgment in favor of Gateway Property Management ("Gateway"). He assigns the following errors for our review:
I. Genuine issues of material fact failed [sic] in Court records showedin pretrial hearing presented before trial date submitted to Defendant'sattorney before trial could have been used at trial "medical records","medical bills" medical history could show extend [sic] of damage priorcomplaint of back condition. Appellant wishes to apologize to lower courtfor not expressing "objection" rather than "appealing" court proceeding."Judge" couldn't advocate on behalf of "Plaintiff/Appellant".
 II. No specifically designated assignment of error are [sic] requiredto substain [sic] validity of appeal but setting forth in brief ofcertain proposition of law applicable to facts of case together withargument that such proposition require reversal of lower court judgmentconstitutes assignment of error that such judgment is contrary to lawunder liberal construction given remedial statutes. Carr v. MarionMasonic Temple Co. (Marion 1940) 67 Ohio App. 521, 37 N.E.2d 974,34 Ohio Law ABS 331 210.0549.
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On April 3, 2001, Jacobs filed a complaint against Gateway alleging he suffered an injury as a result of a fall in his apartment. Jacobs specifically alleged that on April 26, 2000, a leaky pipe, which he had previously reported to the management company, burst, causing him to slip and fall in the water leaking on the floor. Jacobs further alleged he suffered back injuries as a result of the fall.
 {¶ 4} Gateway requested medical records documenting the injuries Jacobs sustained. On February 11, 2002, after numerous requests for medical records, Gateway filed a motion to compel. Thereafter, on May 7, 2002, Jacobs voluntarily dismissed the case without prejudice.
 {¶ 5} On May 7, 2003, Jacobs re-filed his complaint. The trial court set both a discovery deadline and an expert witness deadline for October 17, 2003. However, Jacobs did not provide any medical records and did not provide an expert witness. Thereafter, on January 5, 2004, Gateway filed its motion for summary judgment arguing that they had no duty to Jacobs and that the alleged defect in his apartment was open and obvious. On March 3, 2004, the trial court denied the motion for summary judgment and ordered Jacobs to respond to Gateway's discovery requests.
 {¶ 6} On May 26, 2004, Gateway filed a motion to dismiss for want of prosecution, or in the alternative, a motion in limine to preclude Jacobs from offering expert testimony on liability and medical damages. On the scheduled day of trial, Jacobs had not presented any expert testimony as to the proximate cause of his injuries. Consequently, the trial court granted Gateway's motion for summary judgment. Jacobs now appeals.
 {¶ 7} Jacobs' two assigned errors will be discussed together. Jacobs essentially argues the trial court erred in granting summary judgment in favor of Gateway because there existed genuine issues of fact regarding whether the slip and fall caused his back injuries. We disagree.
 {¶ 8} We consider an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the nonmoving party.[3]
 {¶ 9} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact.[5]
 {¶ 10} The trial court's journal entry of June 17, 2004 stated as follows:
Plaintiff failed to obtain expert testimony as to the proximate causeof his injuries. Plaintiff's medical records revealed a prior existingback injury but failed to reveal treatment for the injuries alleged tohave occurred as a result of the slip and fall in question. The Courtoriginally denied the summary judgment motion on the characterization byPlaintiff that additional medical records would reveal treatment of thealleged injuries sufficient to establish proximate cause. On the date oftrial, Plaintiff failed to produce such records. This failure is fatal toPlaintiff's negligence claims. Pursuant to the 8th District Court'sruling in King James South Danford Square Condominium Unit Owner'sAssoc. v. Pacer's Construction Corp. (1993) Cuyahoga App. No. 64213,unreported, and Langford v. Dean (1999) Cuyahoga App. No. 74854,unreported, 1999 WL 777862, this Court finds that failure to providemedical records sufficient to establish causation is fatal to Plaintiff'sclaims. Since denial of summary judgment is not a final appealableorder, the Court revisits the same in light of Plaintiff's failure toprovide the promised documentation. Summary judgment is therefore grantedin favor of Defendant.
 {¶ 11} In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed him a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury.[6] Whether a duty exists is a question of law for the court to determine.[7]
 {¶ 12} The record reveals that Jacobs failed to obtain expert testimony as to the proximate cause of his injuries and failed to provide any treatment records for the fall in question. In order to establish proximate cause, there must be evidence that a direct or proximate causal relationship existed between the accident and the injury or disability complained of.[8] Further, except as to questions of cause and effect, which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such an opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury.[9]
 {¶ 13} We also note Jacobs' failure to provide expert testimony and to provide treatment records for the instant slip and fall was especially crucial, as the trial court's journal entry noted Jacobs' medical records revealed a prior existing back injury. Because Jacobs failed to provide expert testimony and treatment records for the fall in question, he did not meet his burden of establishing a direct and proximate causal relationship between the claimed injury and the slip and fall.
 {¶ 14} Finally, we note the condition leading to Jacobs' slip and fall was open and obvious. The following exchange took place when Jacobs was deposed:
Q. So your kitchen floor was continuously wet before for threeto four months before April 2000?
 A. Yes, Sir.
 Q. And you put newspaper down to deal with that?
 A. Yes, sir. I had no choice. I had no other way of fixing thepipes.
 Q. I understand. The water was there, you walked in the water?
 A. Yes, sir.
 Q. Okay. And you're aware, of course, that water is — you can slip andfall in water, correct?
 A. Yes, sir.
 Q. Even knowing that, you continued to walk in the water, correct?
 A. I had to eat. I had to use my kitchen."[10]
 {¶ 15} The above exchange indicates Jacob was fully aware of the condition in the kitchen. An owner is under no duty to protect a person from known dangers or dangers which are so obvious and apparent that the person should reasonably be expected to discover them and protect himself from them.[11] The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning and allows the owner to reasonably expect others to discover the danger and take appropriate actions to protect themselves.[12]
 {¶ 16} The Supreme Court of Ohio continues to adhere to the open and obvious doctrine.[13] In reaching this conclusion, the supreme court reiterated that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of a plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff.[14]
 {¶ 17} Even under the rule finding liability when a landowner should have anticipated harm caused by obvious dangers, the supreme court believes the focus is misdirected because it does not acknowledge that the condition itself is obviously hazardous and that, as a result, no liability is imposed.[15] Consequently, where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.[16]
 {¶ 18} On the above record, we conclude the trial court properly granted summary judgment in Gateway's favor. No genuine issues of material fact remained. Jacobs failed to establish a direct and proximate causal relationship between the claimed injury and the slip and fall. Moreover, Jacobs failed to establish the duty element of his negligence action, because of the open and obvious condition of the kitchen floor at the time of the slip and fall. Accordingly, we overrule Jacobs' assigned errors.
Judgment affirmed.
Cooney, J., and Corrigan, J., concur.
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 293.
[6] See Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 680; Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142;Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77.
[7] Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
[8] Buckeye Union Ins. Co. v. Vassar (Feb. 18, 1981), Hamilton App. No. C-800007.
[9] Darnell v. Eastman (1970), 23 Ohio St.2d 13, syllabus.
[10] Jacobs' Deposition at 62.
[11] Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203; see, also, Raflo v. Losantiville Country Club (1973), 34 Ohio St.2d 1, 4.
[12] Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644.
[13] Armstrong v. Best Buy Co. (2003), 99 Ohio St.3d 79.
[14] Id. at 82.
[15] Id.
[16] Sidle v. Humphrey (1968), 13 Ohio St.2d 45.