JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff appeals the trial court granting summary judgment in favor of defendant, Tops Markets, LLC. Plaintiff argues the trial court erred by determining that defendant did not owe him a duty when he fell on what the trial court determined to be an open and obvious danger. For the reasons that follow, we agree with plaintiff and reverse the judgment of the trial court.
 {¶ 2} On August 3, 2001, plaintiff was shopping at defendant's grocery store. Plaintiff, a local restaurant owner, shopped regularly at defendant's grocery store for items he used in his business. On the day in question, plaintiff observed a wooden pallet stacked with twelve-pack cans of soda pop. After successfully stepping onto the pallet once for a carton of soda, plaintiff stepped onto the pallet a second time. Holding a carton, plaintiff was on his way back to his cart when one of the pallet's wooden slats broke under his right foot. Plaintiff fell to the floor and sustained injuries to his right shoulder and arm.
 {¶ 3} After plaintiff filed suit, defendant filed a motion for summary judgment. In that motion, defendant argued that it did not owe plaintiff a duty to warn him about the wooden pallet because it was an open and obvious danger that he should have taken precautions to avoid.
 {¶ 4} The trial court agreed with defendant and granted its motion for summary judgment. The court issued a written Opinion And Order in which it detailed the reasons for its judgment. Following that order, plaintiff filed this timely appeal in which he asserts a single assignment of error:
THE TRIAL COURT ERRONEOUSLY DETERMINED THAT THE OPEN AND OBVIOUS DOCTRINE RELIEVED TOPS OF A DUTY OF CARE TO BUSINESS INVITEES WHERE MERCHANDISE WAS DISPLAYED ON A WOODEN PALLET WHICH COLLAPSED WHEN A PATRON ATTEMPTED TO PICK UP THE MERCHANDISE.
 {¶ 5} Plaintiff argues that the trial court erred in granting summary judgment to defendant because there remain genuine issues of material fact as to whether the pallet was open and obvious. These issues plaintiff maintains can only be resolved by a jury.
 {¶ 6} Under Civ.R. 56, we must view the evidence in a light most favorable to the non-movant, plaintiff, and decide whether there remain genuine issues of material fact which only the trier of fact can decide. In order to maintain a claim for negligence, a plaintiff must demonstrate a duty of care and a breach of that duty directly and proximately causing the injury. Texler v. D.O.Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677,693 N.E.2d 271; Nice v. Meridia Hillcrest Hosp. (Aug. 2, 2001), Cuyahoga App. No. 79384.
 {¶ 7} An owner of premises owes a business invitee a duty to exercise ordinary care and to maintain the premises in a reasonably safe condition. Light v. Ohio University (1986),28 Ohio St.3d 66, 502 N.E.2d 611; Kubiak v. Wal-Mart Stores, Inc.
(1999), 132 Ohio App.3d 436, 725 N.E.2d 334.
 {¶ 8} When a danger is open and obvious, however, a landowner owes no duty of care to individuals lawfully on the premises.Armstrong v. Best Buy Co., 99 Ohio St.3d 79, 2003-Ohio-2573,788 N.E.2d 1088, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, approved and followed. Armstrong, at ¶ 14.
 {¶ 9} Courts applying the open-and-obvious doctrine afterArmstrong "focus on the fact that the doctrine relates to the threshold issue of duty." The issue is whether "the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Armstrong,
at ¶ 13.
 {¶ 10} "The rationale underlying this no duty rule is that the open and obvious nature of the hazard serves as a warning and permits the landowner to reasonably rely on the invitee taking the appropriate steps to protect himself." Wolf v. ConsolidatedStores Corp., (Mar. 10, 1999), Wayne App. No. 98CA0006, citingPaschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203-204, 480 N.E.2d 474; Armstrong, at ¶ 5.
 {¶ 11} "* * * [T]he existence of a duty is a question of law for the court to decide." Klauss v. Marc Glassman, Inc.,
Cuyahoga App. No. 84799, 2005-Ohio-1306, at ¶¶ 17-20, quoting,Henry v. Dollar General Store, Greene App. No. 2002-CA-47, 2003-Ohio-206, in turn, citing Mussivand v. David (1989),45 Ohio St.3d 314, 318, 544 N.E.2d 265. See, also, Louderback v.McDonald's Rest., Scioto App. No. 04CA2981, 2005-Ohio-3926, at ¶ 19, However, as this court explained in Klauss v. MarcGlassman, supra, "the issue of whether a hazardous condition is open and obvious may present a genuine issue of fact for a jury to review. * * * [W]here reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine." Id., ¶¶ 17-20, citing Carpenter v. Marc Glassman, Inc. (1997),124 Ohio App.3d 236, 240, 705 N.E.2d 1281.
 {¶ 12} Determining whether a condition on the premises open to the public constitutes an open and obvious danger requires a court to consider all the "attendant circumstances" surrounding the incident in question. Klauss, supra, at ¶ 20. "[T]he phrase `attendant circumstances' refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." Id.; see, also,Oliver v. Leaf and Vine, Miami App. No. 2004CA35,2005-Ohio-1910, (Factors may include lighting conditions, time of day, any other distractions or circumstances present at the time.)
 {¶ 13} In the case at bar, plaintiff claims that the way the pop display was configured forced him to step onto the wooden pallet in order to get to the pop cartons. Plaintiff argues that the pallet was a latent and, therefore, unreasonably dangerous condition defendant should have protected him from.
 {¶ 14} In support of his argument, plaintiff recites the following facts to demonstrate that the inherent hazard of the pallet was not obvious. According to plaintiff, when he fell at approximately 11:00 a.m., the store was uncrowded and well-lit. Plaintiff does not contend that he was distracted by anything before he stepped onto the pallet. He claims that the pallet must have been in its location for a period of time because it was almost empty.
 {¶ 15} The pallet was surrounded on three sides by a white paper or cardboard display fence. Plaintiff estimated that the fence was approximately four feet high; too high to step over. Plaintiff asserts that in order to get to the pop cartons he was forced to go around the display fence and step onto the pallet at its open fourth side. He walked onto the pallet twice. Neither time, plaintiff claims, was there anything to warn him of a potential risk. He argues that he had walked onto pallets in the store "over many years" before the subject incident and he was never injured. All these facts, plaintiff maintains demonstrate that he could not have known that one of the pallet's wooden slats would give way causing him injury.[1]
 {¶ 16} According to defendant, plaintiff's approximate weight of 315 pounds contributed to the open and obvious danger of the subject pallet. Boyce Sefcik, one of defendant's employees, stated that the wooden display pallets are not meant to be walked on by customers because they might break. Sefcik estimated that the pallet slats "are maybe an inch thick." Sefcik Deposition, at 22. Defendant argues that plaintiff should have known that the subject pallet would not support him.
 {¶ 17} Defendant points to plaintiff's response to the question about whether he took the time to look at the pallet to see whether it was strong enough to hold somebody walking on it. Plaintiff replied, "I wasn't paying attention." Plaintiff's Deposition, at 38.
 {¶ 18} "An unreasonably hazardous condition does not exist when people who are likely to encounter that condition may be expected to take good care of themselves without further precautions." Nageotte v. Cafaro Co., 160 Ohio App.3d 702, 710,2005-Ohio-2098, 828 N.E.2d 683, citing Baldauf v. Kent StateUniv. (1988), 49 Ohio App.3d 46, 49, 550 N.E.2d 517; Demock v.D.C. Entertainment Catering, Inc., Wood App. No. WD-03-087,2004-Ohio-2778, ¶ 10, ("The typical open and obvious cases concern known conditions that could have been avoided by individuals if they had taken proper precautionary measures, such as paying attention to where they were walking").
 {¶ 19} From the record before this court, reasonable minds could disagree on the question of whether plaintiff's weight should even be a factor in resolving the liability question in this case. Genuine issues of material fact surround the issue of whether defendant, knowing about the structural weakness of the pallet's slats, created a dangerous condition by allowing the subject pallet to remain on the floor, regardless of what plaintiff weighed. There is also competing evidence that perhaps plaintiff should have done more to protect himself from the potential danger of stepping onto the pallet.
 {¶ 20} In the end, we conclude that only the trier of fact can determine whether the subject pallet, was, as defendant claims, an open and obvious hazard or whether, as plaintiff argues, it was an unreasonably dangerous condition that defendant should have either warned him about or eliminated altogether from the sales floor.
 {¶ 21} Because these questions cannot be resolved on summary judgment, we conclude that the trial court erred when it granted defendant's motion for summary judgment. The judgment of the trial court is reversed and this case remanded for proceedings consistent with this opinion.
Judgment accordingly.
This cause is reversed.
It is, therefore, ordered that appellants recover of appellees their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs.
 Rocco, J., dissents with separate dissenting opinion.
[1] Plaintiff also argues that there remain genuine issues of material fact pertaining to precisely what caused him to fall. Plaintiff highlights the discrepancy between how he says he fell, namely, the pallet breaking, versus defendant's claim that plaintiff initially reported he had fallen on an area of water in the store. Since we construe the facts in a light most favorable to plaintiff, we do not address the water issue at all because he points to the pallet as the sole cause of his injuries.
 DISSENTING OPINION