JOURNAL ENTRY and OPINION
{¶ 1} Appellant, James Storc ("appellant"), appeals the trial court's decision granting summary judgment to appellee, Office Max, Inc.[1] ("Office Max"), on appellant's negligence claims. Appellant was injured while riding his bicycle on a sidewalk adjacent to Office Max's drive entrance. According to appellant, he was riding his bicycle in the dark, at 10:30 p.m., when he fell into the hole on the sidewalk. In appellant's deposition, he testified that had he been looking for the hole, he would have seen it and he would have maneuvered his bicycle around it. He further testified that there was nothing obstructing his view of the hole and that he did not see it because he was not sure where he was looking when he was riding his bicycle. Appellant was injured and later filed suit against Office Max, alleging that they failed to maintain their premises in a reasonably safe manner.
 {¶ 2} The trial court granted Office Max's motion for summary judgment, finding that the hole was an open and obvious danger, to which Office Max owed no duty to warn. Appellant now appeals, citing two assignments of error.
 I. {¶ 3} For his first assignment of error, appellant contends that the trial court erred in granting summary judgment to Office Max because the evidence showed that the danger was not open and obvious. Appellant also contends, in his supplemental motion, that there were "attendant circumstances" such as poor lighting and visibility which contributed to his fall. Appellant's contentions, however, lack merit.
 {¶ 4} The parties stipulated to appellant's status as a business invitee of Office Max; therefore, there is no dispute that Office Max owed a duty to appellant to exercise ordinary care in maintaining the premises in a reasonably safe condition. A business owner "is under no duty to protect a person from known dangers or dangers which are so obvious and apparent that the person should reasonably be expected to discover them and protect himself from them." Jacobs v. Gateway Property Management,
Cuyahoga App. No. 84973, 2005-Ohio-1983, ¶ 15. The reasoning behind this doctrine is "that the open and obvious nature of the hazard itself serves as a warning" and the owner may "reasonably expect others to discover the danger and take appropriate actions to protect themselves." Id.
 {¶ 5} Appellant asserts that the trial court, in making the determination whether the hole in the sidewalk was open and obvious, should have considered attendant circumstances, such as time, place, and surroundings, which contributed to his alleged injury. In support of his assertion, he cites to Hamaoui v. TopsFriendly Markets, Cuyahoga App. No. 85919, 2005-Ohio-6718, ¶ 20, where a panel of this court reversed summary judgment to the business owner, concluding that:
 {¶ 6} "[o]nly the trier of fact can determine whether the subject pallet, was, as defendant claim[ed], an open and obvious hazard or whether, as plaintiff argue[d], it was an unreasonably dangerous condition that defendant should have either warned him about or eliminated altogether [sic] from the sales floor."
 {¶ 7} In Hamaoui, the plaintiff, a 315-pound man, stepped onto a wooden pallet stacked with cans of soda at the defendant's grocery store. Id. at ¶ 2. While standing on the wooden pallet, one of the wooden slats broke, causing the plaintiff to fall to the floor and incur injuries to his arm and shoulder. Id. Although the trial court granted summary judgment to the defendant, a panel of this court reversed, opining that the plaintiff's weight, the plaintiff's inability to do more to protect himself from a potential danger of stepping onto the wooden pallet, and the defendant's possible knowledge that the structural weakness of the slats created a dangerous condition by allowing it to remain on the floor were all genuine issues of material fact upon which reasonable minds could disagree. Id. at 19. The dissenting opinion, which is particularly persuasive, disagrees, stating as follows:
 {¶ 8} "[N]o evidence was produced which indicated the store reasonably could foresee that anyone would choose to go around a barrier, step onto a wooden pallet made of one-inch thick slats, and pick up two cartons of soda to carry away, especially someone of appellant's bulk." Id. at 24.
 {¶ 9} Despite the holding in Hamaoui, this court is keenly aware of the numerous, factually similar cases which have upheld the open and obvious doctrine and applied it as a complete bar to recovery. See, e.g., Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644, 597 N.E.2d 504; Brown v. Classic VenturesFood Div., Inc., Cuyahoga App. No. 84656, 2005-Ohio-112, ¶ 15;Jacobs v. Gateway Property Management, Cuyahoga App. No. 84973,2005-Ohio-1983, ¶¶ 14-18; Jones v. Norfolk Southern RailroadCo., Cuyahoga App. No. 84394, 2005-Ohio-879, ¶ 15; Phillips v.Goldstein, Cuyahoga App. No. 82952, 2003-Ohio-5931, ¶ 13;Armstrong v. Best Buy Co., Lorain App. No. 01CA007848, 2001-Ohio-1934 (noting in particular appellant's testimony that had he looked down, he would have seen the rail and avoided it).
 {¶ 10} Here, the open and obvious doctrine is applicable. First, appellant provided the trial court with no evidence that Office Max knew or should have known about the sidewalk hole, that there were any prior complaints about the hole, or that the hole had been there such a long time so as to impute notice to Office Max. Indeed, the only evidence before the trial court was appellant's deposition testimony. He testified that there was nothing obstructing his view of the hole in the sidewalk, that he could see it from far away, that he would have pedaled around the hole had he seen it, and that he had no clue how the hole got there or how long it had been there. His testimony simply does not establish Office Max's duty when he states that he does not know what happened. This testimony fails to establish a duty and there is no evidence that the hole was anything other than open and obvious. Appellant's first assignment of error is overruled.
 II. {¶ 11} For his second assignment of error, appellant argues that attendant circumstances precluded him from seeing the open and obvious danger, such as the fact that it was dark and he was unfamiliar with the area. However, poor lighting does not rebut the presumption of the open and obvious danger. In fact, "darkness is always a warning of danger, and may not be disregarded." McCoy v. Kroger Co., Franklin App. No. 05AP7,2005-Ohio-6965, ¶ 14, citing Jeswald v. Hutt (1968),15 Ohio St.2d 224, 227, 239 N.E.2d 37. Darkness increases the care an ordinary person would exercise, not decrease it.
 {¶ 12} In addition, "attendant circumstances" are those "distraction[s] that would come upon a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." McCoy, 2005-Ohio-6965, at ¶ 15. Taking the attendant circumstances together, they must "divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." Id. Here, there was no evidence that appellant was distracted when he fell; indeed, appellant testified that he did not know what he was watching when he fell and that had he looked down, he would have seen the hole and moved his bicycle around it. As in McCoy, the attendant circumstances here are insufficient (and, in fact, nonexistent) "to divert appellant's attention, significantly enhance the danger of the hazard and contribute to the fall." Id. at ¶ 16. Thus, appellant's second assignment of error is overruled and the decision of the trial court granting summary judgment in favor of Office Max is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., Concurs.
 Sweeney, P.J., Dissents with Separate Opinion.
[1] It appears from the record that Day Drive Associates Limited owned the property and Office Max leased the premises from that entity. For the purposes of this appeal, Office Max is the real party in interest.
 DISSENTING OPINION