[Cite as *Bonner v. Glassman*, 2012-Ohio-86.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96924**

### KEVIN BONNER

PLAINTIFF-APPELLANT/CROSS
APPELLEE

vs.

### MARC GLASSMAN, INC.

DEFENDANT-APPELLEE

and

### THE AMERICAN BOTTLING CO.

DEFENDANT-APPELLEE/CROSS
APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-725222

**BEFORE:** Rocco, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   January 12, 2012


**ATTORNEY FOR APPELLANT**

Tyrone E. Reed
11811 Shaker Blvd.
Suite 420
Cleveland, Ohio 44120

**ATTORNEYS FOR APPELLEES**

**For Marc Glassman, Inc.**

John C. Meros
Schulman, Schulman, & Meros
1370 Ontario Street
600 Standard Building
Cleveland, Ohio 44113-1727

**For The American Bottling Co.**

Adam J. Davis
Gregory G. Guice
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115-1093


KENNETH A. ROCCO, J.:

{¶ 1}   In this personal injury action, plaintiff-appellant Kevin Bonner appeals from

the trial court order that granted summary judgment on his negligence claim to

defendants-appellees Marc Glassman, Inc. ("Marc's") and The American Bottling Co. ("ABC").

**{¶ 2}** Bonner presents one assignment of error, arguing summary judgment on his claim against the appellees was unwarranted on the record before the trial court. Bonner contends the evidence did not demonstrate the condition that caused his injury was open and obvious. ABC has filed a cross-appeal, challenging the trial court's denial of its motion to strike an exhibit Bonner attached to his opposition brief.

**{¶ 3}** Since the trial court's decision is supported by the record, Bonner's assignment of error is overruled, and the trial court's order is affirmed. This disposition renders ABC's cross-appeal moot.

**{¶ 4}** The record submitted to the trial court demonstrated the following facts. On March 6, 2009, Bonner went shopping with his wife at the Marc's store located at the intersection of Mayfield Road and Green Road. Bonner was very familiar with the store, having shopped there on a "weekly" basis for "years."

**{¶ 5}** As Bonner and his wife concluded their shopping, Bonner "went to get [his] water for going home, and when [he] was approaching the water, it looked weird." Bonner observed that the cases of water, which had been placed in three stacks next to each other, thereby delineating two store aisles, were stacked very high. Bonner indicated his height as "like 6'1"," and described two of the stacks as being so high that

he would "actually have to extend [his] arms to get a case from there," i.e., they were taller than he.

{¶ 6} Since the outer stack of cases was "lower," Bonner decided to take a case from that one.[1] He "grabbed" one, turned, and placed it in his cart. He had just obtained a second case and turned toward his cart when he heard someone "screaming." The sound came from another shopper, who saw that some of the cases of water from the other two stacks were falling onto Bonner. The cases struck Bonner in his back, pushing him into a steel beam. He hit his head, "blew out" his knee, and his glasses broke.

{¶ 7} Bonner's mishap immediately drew the attention of the store employees. Although he accepted some "ice and a rag for [his] head," Bonner told them he did not want an ambulance. Bonner also made an incident report before he left the store.

{¶ 8} Bonner and his wife proceeded to the emergency room, where Bonner received medical treatment for his injuries. In April 2010, Bonner filed the instant action, naming both Marc's and ABC as defendants in his amended complaint. Bonner alleged his injuries occurred when "improperly stacked cases of water" fell on him. He alleged ABC's employees stacked the cases, and both defendants "knew or should have known" that the improper stacking could result in injuries to shoppers.

---

[1] During his deposition testimony, Bonner never estimated the height of this stack. The record reflects that neither Bonner's wife nor the witness, Moore, described the height of any of the stacks.

{¶ 9} Following the discovery process, ABC and Marc's filed separate motions for summary judgment on Bonner's negligence claims. Marc's argued Bonner could prove neither that the dangerous condition was the result of any negligence on the part of its employees, nor that Marc's had notice of any dangerous condition. Alternatively, Marc's argued that any dangerous condition was "open and obvious."

{¶ 10} ABC argued in its brief, too, that Bonner could establish neither that ABC had notice of a dangerous condition nor that the dangerous condition was not "open and obvious." As support for their positions, both Marc's and ABC relied solely upon Bonner's deposition testimony.

{¶ 11} Bonner filed a single brief in opposition to both defendants' motions. Bonner argued that the store manager was aware of the existence of a dangerous condition, that the dangerous condition had existed for a sufficient length of time to infer "defendants" failed to exercise ordinary care for store customers, and that "attendant circumstances" served to distract him from any obvious danger.

{¶ 12} Bonner attached to his opposition brief two exhibits. The first was the affidavit of Mary Moore. Moore averred she witnessed the incident, "a rack of beverages [fell] on Mr. Bonner's head" while his back was turned, and that the water "came tumbling down on him without provocation from anyone."

{¶ 13} The second exhibit purported to be a "store manager's report" of the incident. One question on this form asked for the names of "employees who provided

assistance to claimant, saw or observed claimant after incident, or cleaned up." The names "Jilan C.S.M. & Rick" appeared on the line following that question.

{¶ 14} The form also contained the question, "How do you believe the incident occurred?" On the line next to this question were the words: "Water was over stacked and went down[.] He had two cases in his cart so probably did something to make it fall down (he also had alcohol smell)." On the line for the store manager's name was "Jilan J. Kottcot."

{¶ 15} Marc's filed a reply brief, to which it attached the affidavit of Rick Laymon. In pertinent part, Laymon averred that he was the store manager, that he had been present in the store at the time of the incident, that Marc's employees did not construct displays of ABC products, that he observed the fallen display, and that the display had been constructed by ABC's employees. Separately, Marc's filed a motion to strike the second exhibit Bonner attached to his opposition brief.

{¶ 16} ABC, too, filed a reply brief that also contained a motion to strike the exhibits Bonner attached to his opposition brief. ABC argued that neither of Bonner's exhibits qualified as admissible evidence. ABC further argued that Bonner had not provided any evidence that ABC had notice of the existence of a dangerous condition; rather, the evidence indicated Bonner was the only person aware of the condition of the stacks before he selected a case of water. ABC provided no evidentiary material of its own to its reply.

{¶ 17} Subsequently, the trial court issued an order granting summary judgment to both Marc's and ABC. The trial court determined the evidence demonstrated the danger was "open and obvious" to Bonner. The trial court also denied appellees' motions to strike Bonner's exhibits, stating that the exhibits did not affect the "outcome" of the case.

{¶ 18} Bonner appeals from the trial court's decision and presents one assignment of error. ABC filed a cross-appeal, also asserting one assignment of error.[2] Bonner's assignment of error states:

{¶ 19} "I. The trial court erred to the substantial prejudice of the Appellant when it granted each Appellee's Motion For Summary Judgment when genuine questions of material fact created a jury question as to whether a hazard was open an[d] obvious versus latent, or whether exigent circumstances existed, in light of the totality of circumstances at the time when Appellant sustained the injuries."

{¶ 20} Bonner argues summary judgment in favor of Marc's and ABC was improper because issues of material fact remain with respect to his negligence claim. He contends the evidence does not demonstrate the dangerous condition was "open and obvious"; alternatively, he contends that exigent circumstances existed that made the issue one for a jury's determination.

---

[2]ABC's cross assignment of error states: "The trial court abused its discretion in denying Appellee's motion to strike unauthenticated evidence."

{¶ 21} Appellate review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶ 22} In order to overcome a properly-supported summary judgment motion in a negligence action, a plaintiff must prove that the defendant breached a duty owed to the plaintiff and that this breach was the proximate cause of the plaintiff's injuries. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 1998-Ohio-602, 693 N.E.2d 271. In the instant case, Bonner failed to establish that either Marc's or ABC breached any duty of care.

{¶ 23} "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." *Adleman v. Timman* (1997), 117 Ohio App.3d 544, 690 N.E.2d 1332.

{¶ 24} A business owner owes a business invitee such as Bonner a duty of ordinary care in maintaining the premises in a reasonably safe condition so that invitees are not

subject to unreasonable dangers. *Frano v. Red Robin Internatl., Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, 907 N.E.2d 796; *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. Although a business is not an insurer of its invitee's safety, it must warn them of any latent, hidden, or concealed dangers if it knows or has reason to know of them. *Frano*; *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 390 N.E.2d 810.

{¶ 25} However, a business has no duty to protect an invitee from dangers that either are known to such invitee or are so obvious and apparent that he may reasonably be expected to discover them and protect himself against them. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 233 N.E.2d 589. "The rationale behind the [open and obvious] doctrine is that the open and obvious nature of the hazard itself serves as a warning." *Summers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 1992-Ohio-42, 597 N.E.2d 504. Therefore, the doctrine obviates any duty to warn of an obvious hazard and bars negligence claims for injuries related to the hazard. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088.

{¶ 26} In *Armstrong*, the court held that since open and obvious dangers relate to the issue of duty, the court properly considers the nature of the dangerous condition itself in applying the doctrine, as opposed to the nature of the plaintiff's conduct in encountering it. Id. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that

the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."   Id. at ¶13.

{¶ 27} Thus, the open and obvious danger does not actually have to be observed by the plaintiff in order for it to be an open and obvious condition under the law.  *Konet v. Marc Glassman, Inc.*, Lake App. No. 2004-L-151, 2005-Ohio-5280 ¶33.   The determinative issue is whether the condition was observable.   Id.

{¶ 28} In this case, Bonner unequivocally stated that he had been shopping at that particular store for years, that when he went to retrieve "his" water, he noticed that two of the three stacks of water cases were "taller than" he, and that he wondered "why would they stack them so high."   Despite his observation, Bonner nevertheless "grabbed" a case from the one stack that was "lower."

{¶ 29} Disturbing heavy cases that were stacked "so high" constituted an obvious danger.   Bonner's action apparently was enough to destabilize the entire display.   When the record supports a determination that the open and obvious doctrine applies, thereby obviating a property owner's duty to warn of the hazard and acting as a complete bar to any negligence claim, the defendant is entitled to summary judgment.  *Armstrong* at ¶5.

{¶ 30} In order to overcome the application of the open and obvious doctrine, Bonner further contends that, in general, Marc's stores contain hazards that are not observable due to attendant circumstances, such as foot traffic and noise,  which appellees should have foreseen.   See, e.g., *Hamaoui v. Tops Friendly Markets*, Cuyahoga

App. No. 85919, 2005-Ohio-6718 (Rocco, J., dissenting). Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious. Id.

{¶ 31} Although there is no precise definition of "attendant circumstances," they generally include any distraction that would come to the attention of an invitee in the same circumstances and *reduce* the degree of care an ordinary person would exercise at the time. *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494, 498, 693 N.E.2d 807. This court has declined to extend the exception to apply to cases in which the circumstances should have led the plaintiff to exercise *heightened* care for his personal safety. *Storc v. Day Drive Assoc. Ltd.*, Cuyahoga App. No. 86284, 2006-Ohio-561, ¶11.

{¶ 32} The record in this case demonstrates the only distraction Bonner encountered occurred *after* he destabilized the display. Id. Bonner did not recall being distracted from his mission to obtain "his" water. Moreover, Bonner's wife testified at her deposition that, in her shopping trips to the Marc's store, when items were placed beyond her reach, she took extra care for her own safety; she stated rather than attempting to retrieve the items herself, she requested help from store employees.

{¶ 33} In short, the evidence in the record supports the trial court's determination that the danger Bonner encountered was open and obvious, thus precluding his negligence claim against appellees. *Carter v. Miles Supermarket*, Cuyahoga App. No. 95024, 2010-Ohio-6365.

**{¶ 34}** Accordingly, Bonner's assignment of error is overruled.

**{¶ 35}** In light of this court's disposition of Bonner's appeal, ABC's cross-assignment of error and cross-appeal are moot.   App.R. 12(A)(1)(c).

Affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR