**CARPENTER et al., Appellants,**

v.

**MARC GLASSMAN, INC., Appellee.**

[Cite as *Carpenter v. Marc Glassman, Inc.* (1997), 124 Ohio App.3d 236.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72517.

Decided Nov. 25, 1997.

*Morris Levin Co., L.P.A., Morris Levin* and *A. Michelle DeShon,* for appellants.

*Schulman, Schulman & Meros, Lisa Sustin Friedman* and *Jack M. Schulman,* for appellee.

O'DONNELL, Judge.

Helen Carpenter appeals from a judgment of the common pleas court granting summary judgment to Marc Glassman, Inc., thereby denying her claims for injuries sustained when she tripped over a four-foot by six-foot, by three-inch high empty display pallet located at the end of a merchandise aisle in the Marc's store located at 4499 Mayfield Road, South Euclid, Ohio. Because genuine issues of material fact exist, we reverse the judgment of the trial court and remand this case for trial.

The record reveals that on January 15, 1996, Carpenter, while shopping in the South Euclid Marc's store, walked to the end of a merchandise aisle to ask an employee for help in locating an item, but before she could do so, she tripped over an empty merchandise display platform and injured her neck, left hand, and left leg. The record further reveals that Marc's employee, Terry Hamilton, had removed all display items from the platform about 3:00 p.m. that day, about thirty

or forty-five minutes before Carpenter fell over it. Although he did not mark the area, photographs attached to the motion for summary judgment depict a yellow caution sign placed at the protruding corner of the platform. Carpenter denies that the warning was present at the time she fell. Further, a movable display rack, filled with merchandise, located in the aisle between Carpenter and the platform blocked her view of the platform.

Due to her unresolved injury claims, she and her husband filed a complaint alleging that appellee negligently maintained the display platform. Marc's moved for summary judgment, urging that because the display platform constituted an open and obvious danger, it owed no duty to warn Carpenter about it. The trial court agreed and granted summary judgment.

Carpenter now appeals and assigns four errors for our review which we shall consider jointly, since each raises the same issue:

"A. The trial court erred as a matter of law in granting appellee's motion for summary judgment as the court must follow the standard set forth in Ohio Civil Rule 56(C), which provides that the evidence must be construed in the light most favorable to the nonmoving party, and where genuine issues of material fact are in dispute summary judgment must be denied.

"B. The trial court erred as a matter of law in granting appellee's motion for summary judgment as genuine issues of material fact exist as to whether the defect on appellee's premise was open and obvious, or concealed from appellant's view at shoe level on the floor and hidden from view by a display rack of merchandise.

"C. The trial court erred as a matter of law in granting appellee's motion for summary judgment by ruling that appellee did not breach its duty of reasonable care to appellant when appellee failed to maintain its premises in a safe manner for its business invitees, thereby causing injury to appellant, by permitting the empty platform at shoe level to exist which persons walking normally could not see.

"D. The trial court erred as a matter of law in granting appellee's motion for summary judgment as appellee had actual and constructive knowledge of the hazardous defect of the empty platform at shoe level, which was hidden from view."

Carpenter essentially contends that the court erred in granting Marc's motion for summary judgment because genuine issues of material fact exist as to whether the platform was open and obvious to her, whether Marc's maintained its premises in a reasonably safe condition, and whether she had knowledge of the existence of the platform before she fell over it.

Marc's asserts that the court correctly granted summary judgment in accordance with the open and obvious doctrine because the platform was not hidden from view and Carpenter should have discovered it.

The issue then presented for our review is whether the trial court properly granted summary judgment to Marc's based upon the facts of this case.

Civ.R. 56(C) provides that summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law and further specifies that the evidence should be construed most strongly in favor of the nonmoving party.

■ The issue here concerns the duty owed by an occupier of land to a business invitee, which includes the duty to warn patrons of dangerous conditions known to or reasonably ascertained by an owner predicated upon the owner's superior knowledge of those dangerous conditions on the premises. See *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 12 O.O.3d 321, 390 N.E.2d 810.

Contrasted with this duty is paragraph one of the syllabus in *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, where the court considered a situation involving a twelve-year-old who fell while descending the icy steps of an apartment building after delivering newspapers, stating:

"An occupier of premises is under no duty to protect a business invitee against dangers *which are known to such invitee or are so obvious and apparent to such invitee* that he may reasonably be *expected to discover them* and protect himself against them." (Emphasis added.)

In *Sidle, supra,* the court cited with approval the Restatement and Prosser on Torts. The Restatement of the Law 2d, Torts (1965) 215, Section 343, states in relevant part:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he * * * (b) *should expect that they will not discover or realize the danger, or will fail to protect themselves against it* * * *." (Emphasis added.)

The later edition of Prosser & Keeton on Torts (5 Ed.1984) 427, suggests that an occupier of premises may have a greater duty where an invitee's attention will be distracted by goods on display.

In *Mills v. Drug Mart* (Dec. 16, 1993), Cuyahoga App. No. 64358, unreported, 1993 WL 526801, this court considered Drug Mart's placement of a wire-mesh beach-ball display containing a lip, which extended six inches into the exit aisle, two inches above the floor, in an area where Drug Mart permitted shopping carts to collect, thereby causing customers to pass close to the wire-mesh beach-ball display. Mills, while negotiating the shopping carts, allegedly tripped over the lip

of the wire-mesh beach-ball display, and fractured his hip. In that case, our court stated:

"Clearly, *reasonable minds can differ* as to whether the lip extending from the wire mesh beach ball display *was open and obvious* * * *." (Emphasis added.)

Here, construing the evidence in this case most strongly in favor of Carpenter, reasonable minds could differ as to whether the display platform was open and obvious, and whether Carpenter knew of its danger, or may reasonably have been expected to discover it and protect against it, given that her view had been blocked by a movable display rack filled with merchandise, and her attention had been distracted by goods on display. If Marc's did owe a duty, other questions of fact include whether Marc's breached that duty and whether its breach, or Carpenter's negligence, proximately caused her injuries. Accordingly, we reverse the judgment of the trial court and remand the matter for trial on these issues.

*Judgment reversed*
*and cause remanded.*

MATIA, P.J., and NAHRA, J., concur.