JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Howard C. Klauss ("Klauss"), appeals from the judgment of the Cuyahoga County Court of Common Pleas that found a condition to be open and obvious and granted summary judgment in favor of appellees Marc Glassman, Inc. and Marc Glassman, Inc., dba Marc's Deeper Discount Store (collectively "Marc's"). For the reasons stated below, we reverse and remand.
 {¶ 2} The following facts give rise to this appeal. On May 1, 1999, Klauss was shopping at Marc's when he tripped and fell on a wooden pallet, injuring his right elbow. The wooden pallet was located in a main cross aisle behind a park bench. About four feet beyond the park bench, on the north end of the pallet, was a display of merchandise standing about three feet tall. The section of the pallet between the park bench and the display was allegedly empty.
 {¶ 3} Klauss testified at deposition that he entered the store from the front entrance, picked up a shopping basket and headed down an aisle toward the back of the store. Klauss turned into the cross aisle and intended to turn down the next open aisle to get to the pop display at the back of the store.
 {¶ 4} When Klauss turned into the cross aisle, he noticed the bench and the display, but did not see the empty pallet between them. He claimed it appeared to him that the area between the bench and the display was clear and was a place he could walk through. He stated he was focused on getting to the pop display. Klauss acknowledged that had he looked down he "possibly" would have been able to see the pallet.
 {¶ 5} Although Klauss testified the section of the pallet over which he fell was empty, the store manager, Mark Hartkop, testified the pallet was full of benches. Mark Hartkop also agreed that it would not be a safe practice to place an empty platform in the middle of a cross aisle.
 {¶ 6} Klauss brought this action against Marc's to recover for his injuries. Marc's filed a motion for summary judgment, claiming the condition was open and obvious. The trial court granted the motion. On the first appeal to this court, we reversed the decision of the trial court under a comparative negligence standard. Klauss v. Marc Glassman,Inc., Cuyahoga App. No. 80741, 2003-Ohio-157 ("Klauss I"). The Supreme Court of Ohio reversed our decision on the authority of Armstrong v. BestBuy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573. Klauss v. MarcGlassman, Inc., 99 Ohio St.3d 305, 2003-Ohio-3632.
 {¶ 7} In Armstrong, the Supreme Court of Ohio held the openand-obvious doctrine had not been abrogated in favor of a comparative negligence analysis. Armstrong, 99 Ohio St.3d at 80. The court held that "the open-and-obvious doctrine remains viable in Ohio. Where the danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Id. at syllabus, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45. As the court indicated, "where there is no duty there is no liability, and therefore no fault to be compared." Armstrong,99 Ohio St.3d at 82, quoting Bucheleres v. Chicago Park Dist. (1996),171 Ill.2d 435, 665 N.E.2d 826.
 {¶ 8} On remand to the Cuyahoga County Court of Common Pleas, the trial court found the condition Klauss encountered was open and obvious and that Marc's owed no duty to protect Klauss from the condition. The trial court granted summary judgment in favor of Marc's.
 {¶ 9} Klauss has appealed the trial court's decision, raising one assignment of error for our review, which provides:
 {¶ 10} "The trial court erroneously determined that the open and obvious doctrine relieved Marc's of a duty of care to its business invitee where a display of merchandise placed in an aisleway of a retail store concealed or obscured a hazard."
 {¶ 11} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App. 3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party."State ex rel. Dussell v. Lakewood Police Department, 99 Ohio St.3d 299,300-301, 2003-Ohio-3652, citing State ex rel. Duganitz v. Ohio AdultParole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 12} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O.Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680,1998-Ohio-602. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
 {¶ 13} In this case, there is no dispute that Klauss was a business invitee of Marc's. An owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. A premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows or has reason to know of hidden dangers. Rogers v. Sears, Hamilton App. No. C-010717, 2002-Ohio-3304. Where a hazard is not hidden from view, or concealed, and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against the claimant. Parsonsv. Lawson Co. (1989), 57 Ohio App.3d 49.
 {¶ 14} In this case, Klauss argues that there is a genuine issue of material fact as to whether the condition complained of can be characterized as an open-and-obvious danger and that the issue should be submitted to a jury. Marc's argues that the allegedly empty pallet could be discovered by ordinary inspection and was an open and obvious condition as a matter of law. Marc's refers this court to photographs in the record that reflect a re-creation of the display with an empty pallet shown.
 {¶ 15} The Supreme Court of Ohio recognized in Armstrong that the open-and-obvious doctrine relates to the threshold issue of duty in a negligence action. Armstrong, 99 Ohio St.3d at 82. By focusing on duty, "the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." Id. Where a condition is open and obvious, the premises owner is absolved from taking any further action to protect the plaintiff. Id. The open and obvious nature of the hazard itself serves as a warning, and the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Id. at 80, citing Simmers v. BentleyConstr. Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42. When the open and obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery. Armstrong, 99 Ohio St.3d at 80.
 {¶ 16} Open and obvious hazards are neither hidden or concealed from view nor nondiscoverable by ordinary inspection. Parsons v. Lawson Co.
(1989), 57 Ohio App.3d 49, 50-51. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case." Miller v. Beer BarrelSaloon (May 24, 1991), Ottawa App. No. 90-OT-050. The issue is not necessarily a matter of law for the court to decide.
 {¶ 17} Although the Supreme Court of Ohio has held that whether a duty exists is a question of law for the court to decide, the issue of whether a hazardous condition is open and obvious may present a genuine issue of fact for a jury to review.
 {¶ 18} Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Anderson v. Hedstrom Corp. (S.D. NY 1999),76 F.Supp.2d 422, 441; Vella v. Hyatt Corp. (S.D. MI 2001),166 F.Supp.2d 1193, 1198; see, also, Parsons v. Lawson Co. (1989),57 Ohio App.3d 49. However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine. Carpenter v. Marc Glassman,Inc. (1997), 124 Ohio App.3d 236, 240; Henry v. Dollar GeneralStore, Greene App. No. 2002-CA-47, 2003-Ohio-206; Bumgarner v. Wal-MartStores, Inc., Miami App. No. 2002-CA-11, 2002-Ohio-6856.
 {¶ 19} As stated in Henry, supra: "We agree that the existence of a duty is a question of law for the court to decide. Mussivand v. David
(1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. As a result, whether a business owner owes a duty of care to protect customers against an open and obvious danger is for a court, not a jury, to resolve. Whether a given hazard is open and obvious, however, may involve a genuine issue of material fact, which a trier of fact must resolve."
 {¶ 20} Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious. Quinn v. MontgomeryCounty Educ. Serv. Ctr., Montgomery App. No. 20596, 2005-Ohio-808;Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004-Ohio-4074. While "there is no precise definition of `attendant circumstances' * * * they generally include `any distraction that would come to the attention of a pedestrian in the same circumstances and reduced the degree of care an ordinary person would exercise at the time." McGuire v. Sears, Roebuckand Co. (1996), 118 Ohio App.3d 494, 499 (citation omitted). Moreover, the phrase "attendant circumstances" refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. Menke v. Beerman (Mar. 9, 1998), Butler App. No. CA97-09-182, citing Cash v. Cincinnati (1981),66 Ohio St.2d 319.
 {¶ 21} Considering the facts of this particular case, there is a genuine issue of whether the placement of the bench and display created an unreasonably dangerous condition. Although Klauss argues that the reconstruction photographs establish that the pallet was open and obvious, we find the evidence in the record reveals a factual dispute as to the appearance of the condition based upon the attendant circumstances. Marc's placed the pallet directly in the middle of a cross aisle and at the end of an open aisle on the other side. The view of the pallet was obscured by a bench on one side and a display of merchandise on the other. Shoppers at Marc's normally have carts or baskets, are shopping for goods, and are looking at displays. Under the facts of this case, we find that reasonable minds could differ as to whether the pallet was an open and obvious condition.
 {¶ 22} Indeed, other courts with similar cases have reached the same result. See Henry, supra (finding reasonable minds could differ as to whether placement of a cement block near merchandise and in an area where customers could be expected to run and change direction constituted an open and obvious condition); Bumgardner, supra (finding a genuine issue of material fact as to whether a pallet constituted an open and obvious danger when it was located near merchandise, possibly partially obscured, and placed in an area where customers could be expected to turn or change directions); Carpenter, 124 Ohio App.3d 236 (finding reasonable minds could differ as to whether a display platform was open and obvious where a customer's view was blocked by a movable display rack and her attention was distracted by goods on display); Mills v. DrugMart (Dec. 16, 1993), Cuyahoga App. No. 64358 (finding reasonable minds could differ as to whether the lip extending from the wire mesh beach ball display was open and obvious).
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Sweeney, J., Concur.