JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Isabella Basile ("Basile"), appeals the trial court's grant of summary judgment for defendants-appellees, Marous Brothers Construction ("Marous") and New Village Corporation ("New Village") (collectively "appellees"). Finding no merit to the appeal, we affirm the decision of the trial court.
 {¶ 2} New Village owns the Fries and Schuele building, which is located on West 25th Street in Cleveland. New Village hired Marous to renovate the historic building for commercial and residential use. Marous constructed an asphalt ramp from the sidewalk into the street because the existing city sidewalk had to be closed during renovation.
 {¶ 3} In November 2002, eighty-five-year-old Basile was crossing West 25th Street in front of the Fries and Schuele building. She tripped and fell while trying to step up onto the sidewalk. Basile sustained serious injuries to her face and teeth, which required six months of dental treatment.
 {¶ 4} Basile sued, claiming that New Village and Marous were responsible for her injuries.[1] New Village and Marous each filed motions for summary judgment, which the trial court granted. Basile now appeals, raising two assignments of error.
 {¶ 5} In her first assignment of error, Basile argues that the trial court erred by granting summary judgment to appellees because they created and benefitted from a dangerous condition.
 {¶ 6} This court reviews the lower court's granting of summary judgment de novo. Druso v. Bank One of Columbus (1997),124 Ohio App.3d 125, 131, 705 N.E.2d 717; Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 7} The Ohio Supreme Court has established that summary judgment under Civ.R. 56 is proper when:
"(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made."
State ex rel. Parsons v. Fleming, 68 Ohio St.3d 509, 511, 1994-Ohio-172, 628 N.E.2d 1377; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v.Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265,106 S.Ct. 2548; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Any doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138. There is no issue for trial, however, unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 249-250,91 L.Ed.2d 202, 106 S.Ct. 2505.
 {¶ 8} The essential elements of any negligence action are duty, breach of duty, proximate cause, and injury. Menifee v.Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,472 N.E.2d 707.
 {¶ 9} As a general rule, "an owner of property abutting a public street is not liable for injuries to pedestrians resulting from defects in the abutting portion of such street unless such defects are created or negligently maintained or permitted to exist by such owner for his own private use or benefit." Eichornv. Lustig's Inc. (1954), 161 Ohio St. 11, 117 N.E.2d 436, syllabus. The three exceptions to this general rule are:
"(1) if a statute or ordinance imposes a specific duty on the property owner to keep the sidewalk adjoining his property in good repair;
"(2) if the property owner by his/her affirmative acts creates or negligently maintains the defective or dangerous condition causing the injury;
"(3) the property owner negligently permitted the defective or dangerous condition to exist for some private use or benefit."
Kingston v. Austin Development Co. (Feb. 5, 1998), Cuyahoga App. No. 72034.[2]
 {¶ 10} Basile claims that appellees are liable because they are responsible for the hazard that caused her injury. She argues that appellees negligently maintained the defective ramp and permitted the dangerous condition to exist for their own benefit.
 {¶ 11} First, we find that there is no genuine issue of material fact because the asphalt ramp was not the proximate cause of Basile's fall. Basile claims that she tripped on the right top corner of the asphalt ramp that had been negligently constructed by Marous. Marous concedes that it built the ramp but argues that Basile's deposition testimony contradicts her claims.
 {¶ 12} Basile testified that she was crossing West 25th Street and walked around a concrete barrier in order to step up on the sidewalk. She testified that she did not use the most direct route, a route that would have led her up the asphalt ramp, because she was going to use the fence to the right of the sidewalk to steady herself. During her deposition, Basile viewed photos of the scene which her attorney provided, and she marked the spot on the photo where she fell. The spot she marked clearly indicates that she tripped in the street at the curb, not on the asphalt ramp. The pertinent testimony went as follows:
"Q: Would you agree with me that that looks like it's theregular street before the curb, just black pavement?
 A: Yeah. But there's all sorts of stuff going on there.
 Q: Okay. It looks like there's a little bit of an inclinecreated by more pavement; is that what you see?
 A: Yes.
 Q: But where you actually fell, it looks like it's to theright of that incline or pavement; is that correct?
 A: Right. I know that I fell and I hit my face on this[indicating a grate on the sidewalk] and I tried to grab thattree to break my fall.
* * *
Q: So you believe you tripped on the curb?
 A: Yes.
 Q: And when I say curb, that's that concrete curb?
 A: Yes.
* * *
Q: So did you trip when you were attempting to step up on thecurb? A: Yes, yes.
 Q: All right. So one foot was where the `X' is; is thatcorrect? A: M-hm. One foot was — yes. And I — and I didn't seethe curb, and so I think I'm walking and I tripped on that curb.
* * *
Q: You believe that you tripped on the curb and that causedyou to fall; is that correct?
 A: Yes. Or there was a hole there and I — and I got my footcaught in that hole."
 {¶ 13} It is clear from Basile's testimony that she tripped on the city street and curb, not on the asphalt ramp. Basile clearly stated that it was her right foot that caused her to fall when she tripped on the curb.
 {¶ 14} Even if we were to find a genuine issue of material fact as to the cause of Basile's fall, the appellees did not have a duty of care because any present danger was open and obvious, and Basile provided no proof of the existence of a defect in the ramp or sidewalk.
 {¶ 15} The open-and-obvious doctrine provides that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Simmers v. Bentley Constr.Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42, 597 N.E.2d 504.
 {¶ 16} A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 480 N.E.2d 474; Jackson v. Kings Island (1979),58 Ohio St.2d 357, 390 N.E.2d 810. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong v. Best BuyCo., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. It is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff. Id. The open and obvious defense satisfies the duty prong of the negligence test. The doctrine has nothing to do with proximate cause or fault. Armstrong, supra.
 {¶ 17} Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Klaussv. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306, citing Anderson v. Hedstrom Corp. (S.D.N.Y. 1999),76 F.Supp.2d 422, 441. However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine. Carpenter v.Marc Glassman, Inc. (1997), 124 Ohio App.3d 236, 240,705 N.E.2d 1281.
 {¶ 18} Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious. Quinnv. Montgomery Cty. Educ. Serv. Ctr., Montgomery App. No. 20596,2005-Ohio-808; Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004-Ohio-4074. While "there is no precise definition of `attendant circumstances' * * * they generally include `any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'" Klauss, supra, citing,McGuire v. Sears, Roebuck and Co. (1996), 118 Ohio App.3d 494,499, 693 N.E.2d 807. Attendant circumstances are all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. Menke v. Beerman (Mar. 9, 1998), Butler App. No. CA97-09-182.
 {¶ 19} In the instant case, the curb and the asphalt ramp were open and obvious hazards. Even though Basile said she never saw the curb, she fell in the middle of the day and she testified that, although the ground was wet, no snow or other covering obscured her view of the area where she tripped. A review of Basile's photos demonstrates that the curb and ramp are clearly visible.
 {¶ 20} Basile argues that attendant circumstances contributed to her fall. She claims that there were loud noises and visible distractions created by the construction project and heavy automobile traffic. Those claims are completely unsupported by the record. Nowhere in the record does Basile aver that these circumstances were present. Her fall occurred on a Sunday afternoon, and there is no evidence to support her claim that heavy traffic or construction workers were present. Therefore, we find that no attendant circumstances were contained in the record that would allow Basile to avoid the application of the open-and-obvious doctrine.
 {¶ 21} Basile also claims that the defect in the ramp was substantial and the "Kimball" or "two-inch" rule should not apply to this case.
 {¶ 22} In Kimball v. Cincinnati (1953), 160 Ohio St. 370,116 N.E.2d 708, the Ohio Supreme Court pronounced what has become known as the "two-inch rule" or "Kimball rule." This rule provides that a less than two-inch difference in elevation in a sidewalk or walkway is insubstantial as a matter of law and not actionable. In order to withstand summary judgment on the basis that the defendant negligently maintained a dangerous condition, the plaintiff must establish a genuine issue of fact as to whether the defect in the sidewalk was "substantial." Cash v.Cincinnati (1981), 66 Ohio St.2d 319, 421 N.E.2d 1275;Kimball, supra.
 {¶ 23} Basile argues that the ramp was defective, but she has failed to establish the existence of any defect in the sidewalk or ramp. She merely proposes that the ramp was defective because it stopped short of the end of the sidewalk, there was improper drainage in the area, and due to the wet conditions, one could conclude that the ramp went all the way to the end of the sidewalk. These claims have no evidentiary support in the record. No proof was offered to show defective construction of the ramp, curb, or sidewalk, nor of the use of inferior materials or defective workmanship. Further, the record contains no evidence that anyone actually measured the asphalt ramp, curb, or the difference between the ramp and the curb. Basile testified that she thought the dip or hole in the pavement was two to three inches but she never measured it and was unsure if anyone else did. This court cannot guess the distance and Basile has provided nothing on which we may conclude that any defect, substantial or otherwise, existed. Because Basile tripped on the curb and the curb alone was the proximate cause of her fall, and because we find no evidence of a defect, we need not further consider the applicability of the two-inch rule. The first assignment of error is overruled.
 {¶ 24} In her second assignment of error, Basile argues that New Village is not relieved of a legal obligation by delegating to a third-party contractor. Since we are affirming the grant of summary judgment for Marous, it is not necessary to consider whether New Village would also be liable for the actions of Marous. Therefore, the second assignment of error is overruled.
 {¶ 25} Accordingly, judgment is affirmed.
It is ordered that appellees recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. concurs;
 Karpinski, J. concurs in judgment only.
[1] Basile also filed a complaint against Able Fence, but subsequently dismissed the complaint.
[2] Basile does not argue the applicability of the first exception; therefore, we will not address it.