JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, Brenda and Joseph Heckman, appeal from the judgment of the common pleas court that granted the motion for summary judgment of defendant-appellee, Mayfield Country Club (the "Club"). They argue that the trial court erred in finding the Club owed Mrs. Heckman no duty of care when she fell on what the trial court determined was an open and obvious danger. We reverse and remand.
 {¶ 2} On May 18, 2002, the Heckmans were guests at a wedding ceremony and reception at the Club. At approximately 5 p.m., as Mr. Heckman parked the car, Mrs. Heckman walked to the main entrance of the club. She was wearing a full-length gown and open-toed high heeled shoes and carrying a wedding gift. As she pulled the wooden door of the vestibule toward her with her right hand, her attention was drawn to the wedding party standing in the foyer immediately beyond the vestibule. Then, as she stepped into the vestibule, she either caught her right shoe on the raised threshold of the door or hit the threshold with her foot, tearing the ligaments of her right foot and causing her arch to collapse. She tripped and caught herself, and tried to take another step on her right foot, but fell down. Mrs. Heckman suffered a severe fracture of her right foot which required two surgeries and a supportive shoe and custom orthotic for several years.
 {¶ 3} Mrs. Heckman described the threshold as "not a step, and it's not a flat surface like many thresholds are where you walk across them. It is a strange *Page 4 
situation in between." She testified that she "ha[d] never seen anything like it in my entire life." She testified that as she approached the closed door of the Club, the threshold was "flush" was the door and appeared to be "part of the door." Pictures submitted by the Heckmans demonstrate that both the door and the threshold are dark brown and the threshold is approximately 1-1/8" high. There was no artificial lighting in the vestibule immediately beyond the door and the lighting in the vestibule was dim.
 {¶ 4} After the Heckmans filed suit asserting claims for negligence and loss of consortium, the Club filed a motion for summary judgment. In that motion, the Club argued that it did not owe Mrs. Heckman a duty to warn her about the threshold because it was an open and obvious danger that she should have taken precautions to avoid. The trial court agreed, and granted the Club's motion for summary judgment. The Heckmans now raise two assignments of error, both of which challenge the trial court's granting of summary judgment.
 {¶ 5} In their first assignment of error, the Heckmans contend that the trial court erred in granting summary judgment because the threshold was not an open and obvious danger which would relieve the Club of any duty to warn.
 {¶ 6} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion *Page 5 
that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club,Inc. (1998), 82 Ohio St.3d 367, 369-370; Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105.
 {¶ 7} The essential elements of any negligence action are a duty of care, a breach of that duty, and an injury directly and proximately resulting therefrom. Texler v. D.O. Summers Cleaners Shirt LaundryCo. (1998), 81 Ohio St.3d 677; Nice v. Meridia Hillcrest Hosp. (Aug. 2, 2001), Cuyahoga App. No. 79384.
 {¶ 8} An owner of a premises owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has a duty to warn its invitees of latent or hidden dangers if the owner knows or reasonably should have known of such dangers. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203; Rogers v. Sears,Roebuck and Co., Hamilton App. No. C-010717, 2002-Ohio-3304, at ¶ 3.
 {¶ 9} However, when a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises. Armstrong v. BestBuy Co., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 14, citing Sidle v.Humphrey (1968), 13 Ohio St.2d 45. The rationale for this doctrine is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take *Page 6 
appropriate measure to protect themselves." Simmers v. Bentley Constr.Co. (1992), 64 Ohio St.3d 642, 644. "When applicable, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Armstrong, supra at ¶ 5.
 {¶ 10} Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Basile v. Marous Bros. Constr, Cuyahoga App. No. 86642, 2006-Ohio-2454, at ¶ 17, citing Klauss v. Marc Glassman,Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306. Where reasonable minds could differ as to whether a danger is open and obvious, however, the obviousness of the risk is an issue for the jury to determine.Carpenter v. Marc Glassman, Inc. (1997), 124 Ohio App.3d 236, 240.
 {¶ 11} Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious. Quinn v. MontgomeryCty. Educ. Serv. Ctr, Montgomery App. No. 20596, 2005-Ohio-808;Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004-Ohio-4074. While "there is no precise definition of `attendant circumstances' * * * they generally include `any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'" Klauss, supra, quotingMcGuire v. Sears, Roebuck and Co. (1996), 118 Ohio App.3d 494, 499. The phrase "attendant circumstances" refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would *Page 7 
unreasonably increase the normal risk of a harmful result of the event.Basile, supra at ¶ 18, citing Menke v. Beerman (Mar. 9, 1998), Butler App. No. CA97-09-182.
 {¶ 12} On these facts, there is a genuine issue of material fact as to whether the raised threshold was an open and obvious danger or an unreasonably dangerous condition that the Club should have warned its patrons about or eliminated altogether. Although the Club argues the raised threshold was open and obvious because it was "not unlike other thresholds over which individuals traverse on a daily basis," Mrs. Heckman testified that she had "had never seen anything like it" before. Further, the evidence is uncontroverted that the door was closed as Mrs. Heckman approached it. There is also evidence that the threshold was flush with the door and the same color as the wooden door, so, as Mrs. Heckman approached the closed door, the threshold appeared to be part of the door, even though it was actually raised 1-1/8" from the floor. It is uncontroverted that there was nothing before the threshold to indicate that it was raised from the walkway and nothing which indicated that the areas immediately before and after the door were not even and that the floor of the vestibule was 1-1/8" higher than the walkway outside the door. It is further uncontroverted that the lighting in the vestibule was dim and, that as she entered the vestibule, Mrs. Heckman's attention was drawn to the wedding party standing in the foyer immediately beyond the vestibule.
 {¶ 13} On this evidence, reasonable minds could differ as to whether the raised threshold was an open and obvious hazard or an unreasonably dangerous *Page 8 
condition about which the Club should have warned its invitees; therefore, the obviousness of the risk is for the jury to determine. Accordingly, the trial court erred in finding that the Club owed no duty of care to Mrs. Heckman and in dismissing her claims. We therefore reverse the trial court's grant of summary judgment and remand for further proceedings.
 {¶ 14} Appellants' first assignment of error is sustained.
 {¶ 15} In their second assignment of error, the Heckmans contend that the trial court erred in granting the Club's motion for summary judgment because the evidence was sufficient to create a genuine issue of material fact regarding whether the raised threshold was a violation of the Ohio Building Code.
 {¶ 16} The affidavit and expert report of Terry Saylor, a registered and licensed architect who examined the threshold, was attached to the Heckmans' response to the Club's motion for summary judgment. Mr. Saylor reported that the Ohio Building Code requires that floor surfaces on each side of a doorway be level, but allows for a 1/2" maximum variation. Mr. Saylor further reported that the raised threshold at the Club exceeds this standard because the landing immediately before the threshold is 3/4" below the landing after the threshold. He opined that this difference in height constituted a serious safety hazard, in violation of the Building Code.
 {¶ 17} The trial court found that the Ohio Building Code did not apply to the Club because Section 102.6 of the Code provides that any structure, such as the Club, which was existing on January 1, 2002, when the Code was adopted, is *Page 9 
permitted to continue without change, provided that there is no "serious safety hazard." The trial court concluded that, because the raised threshold was an open and obvious danger, it did not constitute a serious safety hazard in violation of the Code. The trial court's judgment was in error.
 {¶ 18} Just as the jury must decide whether the raised threshold was an open and obvious danger, it must also decide whether the raised threshold constitutes a "serious safety hazard," in violation of the Building Code. Should the jury find that the raised threshold is a serious safety hazard in violation of the Code, the violation is admissible as evidence of the Club's negligence, although it does not constitute negligence per se. Chambers v. St. Mary's School (1998),82 Ohio St.3d 563, 568.
 {¶ 19} Appellants' second assignment of error is sustained.
Reversed and remanded.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and MARY J. BOYLE, J., CONCUR. *Page 1