JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Mark Novak, Theresa Novak, Nick Novak, and Adam Novak, appeal the January 31, 2007 trial court judgment denying their motion for summary judgment. Appellants also appeal the March 7, 2007 trial court judgment, rendered pursuant to a jury verdict, in favor of plaintiff-appellee Michele Monastero.
 {¶ 2} Monastero initiated this action as a result of injuries she sustained in July 2004 while jogging. During her jog, Monastero jogged on the sidewalk in front of the Novaks' house.[1] A car, belonging to Adam Novak, was parked on the apron of the Novaks' driveway, with a portion of the car extending over the edge of the sidewalk. In front of the car, parked in the driveway, was a boat trailer. While jogging on the sidewalk in front of the Novaks' house, Monastero bumped the parked car, fell, and struck a portion of the boat trailer, causing injury to her hand and person. According to Monastero, her leg brushed up against the portion of the car that extended onto the sidewalk and caused her to fall. Monastero maintained that the car prevented the clear and unobstructed passage of pedestrians in violation of R.C. 4511.68, and that her injuries were the direct and proximate result of the Novaks' negligence.
 {¶ 3} In both her deposition and trial testimonies, Monastero testified that she had been jogging the same route since 2000, and was aware of the parking situation *Page 4 
at the Novaks' house. She further testified that sometimes she would walk, rather than jog, when she reached their house.
 {¶ 4} The Novaks filed a motion for summary judgment, which was denied. In its entry denying the motion, the trial court stated that it found "a question of fact about the open and obvious nature of the hazard as well as the comparative negligence of the plaintiff and the defendant(s) who created the condition."
 {¶ 5} The case proceeded to a jury trial. At the conclusion of Monastero's case, the defense made a motion for a directed verdict. The motion was granted as to Nick Novak, but denied as to the other appellants. In their proposed jury instructions, the Novaks sought an instruction on the open-and-obvious doctrine. The court declined to instruct on the doctrine, however. The jury returned a verdict in favor of Monastero in the amount $10,000, finding her to be 20% negligent, Adam Novak 30% negligent, Theresa Novak 25% negligent and Mark Novak 25% negligent.
 {¶ 6} In assignments of error one, two, and three, the Novaks challenge the court's failure to instruct the jury on the open-and-obvious doctrine. In the first assignment, they argue that the open-and-obvious doctrine is viable even when an alleged violation of R.C. 4511.68 has been made. In the second assignment, the Novaks argue that the open-and-obvious doctrine applied regardless of the fact that the injury occurred on a sidewalk. In the third assignment, appellants argue that the *Page 5 
trial court abused its discretion in failing to instruct the jury on the open-and-obvious doctrine.
 {¶ 7} In regard to the viability of the open-and-obvious doctrine in light of her claim of a violation of R.C. 4511.68, Monastero argues that the Novaks "created a nuisance and [were] negligent as a matter of law." This court has held that a violation of an ordinance alone, however, is insufficient to bar a defense that a danger is open and obvious. SeeJohnson-Steven v. Broadway Sunoco, Cuyahoga App. No. 89544,2008-Ohio-691; Heckman v. Mayfield Country Club, Cuyahoga App. No. 88941, 2007-Ohio-5330.
 {¶ 8} In regard to whether the open-and-obvious doctrine is applicable where the injury occurs on a sidewalk, this court has previously applied the doctrine in actions against property owners for injuries occurring to a pedestrian on a public sidewalk. See Lacy v. Uganda Invest.Corp. (1964), 7 Ohio App.2d 237, 195 N.E.2d 586; Basile v. Marous Bros.Constr, Cuyahoga App. No. 86642, 2006-Ohio-2454; Storc v. Day DriveAssn. Ltd., Cuyahoga App. No. 86284, 2006-Ohio-561.
 {¶ 9} Because the open-and-obvious doctrine is not barred by Monastero's allegation of a statutory violation or the fact that the injury occurred on a public sidewalk, we consider whether the trial court abused its discretion by not instructing the jury on the doctrine.[2] *Page 6 
 {¶ 10} The open-and-obvious doctrine provides that owners do not owe a duty to persons entering their premises regarding dangers that are open and obvious. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, at ¶ 14, 788 N.E.2d 1088, citing Sidle v. Humphrey
(1963), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642, 644,1992-Ohio-42, 597 N.E.2d 504.
 {¶ 11} Even when a pedestrian does not actually notice the defect until after he or she falls, no duty exists when the pedestrian could have seen the defect if he or she had looked. Haymond v. BPAmerica, Cuyahoga App. No. 86733, 2006-Ohio-2732, at T|16. Courts must consider whether the defect itself was observable. Id. *Page 7 
Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious. Id.
 {¶ 12} Although there is no precise definition of "attendant circumstances," they generally include "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time."France v. Parliament (Apr. 27, 1994), Montgomery App. No 14264, at 6. "To render a minor defect substantial, attendant circumstances must not only be present, but must create `a greater than normal, and hence substantial risk of injury.' * * * The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." Stockhauser v.Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29, 33, 646 N.E.2d 198, quoting Turner v. Burndale Gardens Co. (Dec. 18, 1991), Montgomery App. No. CA-12807, at 5. "All the circumstances — good or bad — must be considered." France, supra, at 6.
 {¶ 13} Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Basile, supra at ¶ 17, citingKlauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306. Where reasonable minds could differ as to whether a danger is open and obvious, however, the obviousness of the risk is an issue for the jury to determine. Carpenter v. Marc Glassman, Inc. (1997),124 Ohio App.3d 236, 240, 705 N.E.2d 1281. *Page 8 
 {¶ 14} In this case, the trial court erred in failing to instruct the jury on the open-and-obvious doctrine. At trial, Monastero testified that, from at least four or five houses away from the Novaks' house, she was aware the car was blocking her path. She further testified that she had been jogging the same route since 2000, was aware of the parking situation at the Novaks' house, and would sometimes walk, rather than jog, when going past the Novaks' house.
 {¶ 15} Monastero further testified that it was light outside and nothing distracted or diverted her attention while she was jogging on the day of the incident. Mark Novak testified that approximately six to eight inches of the car's bumper extended onto the sidewalk, which he estimated was about 60 inches wide. Whether this extension was open and obvious, and indeed, whether extending six to eight inches onto the sidewalk constitutes parking a car on the sidewalk in violation of R.C.4511.68, are questions of fact for the jury.
 {¶ 16} On these facts, there was a genuine issue, as previously noted by the trial court, on whether the condition was open and obvious, and the jury should have been so instructed. Accordingly, assignments of error one, two, and three are sustained, and the case is remanded for a new trial with an instruction on the open-and-obvious doctrine.
 {¶ 17} In their fourth assignment of error, the Novaks contend that the trial court erred in denying their pretrial motion for summary judgment and their trial motion for a directed verdict. *Page 9 
 {¶ 18} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-370, 1998-Ohio-389, 696 N.E.2d 201; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241.
 {¶ 19} Civ.R. 50(A)(4), governing directed verdicts, reads, in part, as follows:
 {¶ 20} "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 21} A motion for a directed verdict presents questions of law, not of fact, even though it is necessary to review and consider evidence.O'Day v. Webb (1972), 29 Ohio St.2d 215, 280 N.E.2d 896. Thus, we review a motion for a directed *Page 10 
verdict upon a de novo standard of review. Cleveland Elec. IlluminatingCo. v. Pub. Util. Comm., 76 Ohio St. 3d 521, 1996-Ohio-298,668 N.E.2d 889.
 {¶ 22} The essential elements of any negligence action are a duty of care, a breach of that duty, and an injury directly and proximately resulting therefrom. Texler v. D.O. Summers Cleaners Shirt LaundryCo., 81 Ohio St.3d 677, 1998-Ohio-602, 693 N.E.2d 271; Nice v. MeridiaHillcrest Hosp. (Aug. 2, 2001), Cuyahoga App. No. 79384.
 {¶ 23} Upon review, we find that the Novaks did not satisfy their initial burden of demonstrating the absence of a genuine issue on Monastero's claim. In their motion, the Novaks argued that they did not owe a duty to Monastero because the car was an open-and-obvious danger. As already discussed, however, on this record, we find a genuine issue remains to be litigated on whether the condition was open and obvious. We also find that there was a genuine issue to be litigated on the Novaks' alternative ground for summary judgment, which was that Monastero's negligence exceeded their negligence. Accordingly, the trial court properly denied the Novaks' motion for summary judgment.
 {¶ 24} In regard to the denial of the motion for a directed verdict, we find no error. Reasonable minds could have differed and, therefore, the trial court properly denied the motion.
 {¶ 25} The fourth assignment is overruled. *Page 11 
 {¶ 26} In their fifth assignment of error, the Novaks argue that the judgment was against the manifest weight of the evidence. In their sixth and final assignment of error, the Novaks argue that the judgment was contrary to law because Monastero's negligence was greater than their negligence. These assignments of error are moot, as we have ordered, based upon the first three assignments of error, that this case be remanded for a new trial. App.R. 12(A)(1)(c).
Reversed and remanded.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS
ANTHONY O. CALABRESE, JR., P.J., DISSENTS
[1] Monastero and the Novaks resided on the same street.
[2] When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. State v.Wolons (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
In response to the Novaks' first assignment, Monastero focuses much of her argument on the court's comparative negligence instruction and argues that, "[c]ontrary to the assertions by appellants, the court did instruct the jury concerning the responsibility of plaintiff and her duties in these circumstances." The Novaks are not challenging the court's comparative negligence instruction, which is distinct from an instruction on the open-and-obvious doctrine. The court did not instruct the jury on the open-and-obvious doctrine and acknowledged such.