[Cite as *Pantona v. Ervieview Land Co., L.L.C.*, 2020-Ohio-5333.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PHYLLIS PANTONA,                                  :

    Plaintiff-Appellant,               :

                                                    No. 109228

    v.                                 :

ERIEVIEW LAND COMPANY L.L.C.,                     :

    Defendant-Appellee.                :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 19, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-910559

---

### *Appearances:*

Morganstern, MacAdams & DeVito Co., L.P.A., and
Christopher M. DeVito, *for appellant.*

Law Offices of Diana Lee Khachaturian and John D.
Rodman, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Plaintiff-appellant Phyllis Pantona ("Pantona") appeals from a judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of defendant-appellee Erieview Land Company L.L.C.

("Erieview"). After a careful review of the record and applicable law, we conclude a genuine issue of material fact exists as to whether the open-and-obvious doctrine applies to bar plaintiff's recovery in this slip-and-fall case and, therefore, reverse the judgment of the trial court.

**Substantive and Procedural Background**

{¶ 2} Erieview is the owner and operator of an office tower known as the Galleria. On March 24, 2017, Pantona came down the escalator to go to the attached parking garage. She fell while stepping off the escalator lobby's platform curb and sustained injuries to her left knee. On February 4, 2019, she filed a complaint against Erieview, alleging negligence based on premises liability and gross negligence and seeking compensatory and punitive damages.

{¶ 3} Erieview moved for summary judgment, claiming the six-inch elevation change in the escalator lobby's platform curb encountered by Pantona was open and obvious and, as such, Erieview did not owe her a duty of care. Erieview also argued summary judgment was warranted because Pantona could not identify why she fell. Erieview attached Pantona's deposition testimony to support it motion.

{¶ 4} Pantona opposed Erieview's motion for summary judgment. The exhibits submitted in support of her opposition included (1) an incident report she filled out immediately after the incident with a security company associated with the parking garage, (2) the security company's own report describing the incident, (3) an internal report prepared by Erieview's property management representative,

David Clark, (4) Pantona's own affidavit, and (5) the report and affidavit of her expert, an architect.

{¶ 5} In the incident report Pantona filled out immediately after the incident, she stated she was walking out from the escalator lobby and fell from the platform on her left knee. The security company's report stated that Pantona went down the escalator to go the garage and, when she exited the escalator lobby door, she fell off the platform on her left knee. The report included a picture of the platform curb where Pantona fell.

{¶ 6} In the internal report prepared by Clark several days after the incident, he described the incident as follows: Pantona rode the escalator to the garage level and exited the escalator lobby through the door; she proceeded across the raised platform and allegedly fell stepping off the curb; the curb height is 6" and the edge and front of the curb is painted with safety yellow paint. Clark's report also indicated Pantona complained that "there should be signs posted warning people of the step down."

{¶ 7} Pantona's affidavit stated that when she left the Erieview tower, she used the escalator to access the parking garage. When exiting the escalator lobby, she went through the lobby's glass door onto a platform; while walking out from the escalator glass door, she fell from the platform on her left knee onto the parking garage floor. She averred that "[t]he change in elevation from the escalator lobby platform to the parking garage floor was not observable to me and I did not see it before I fell." Attached to her affidavit were photographs showing that the escalator

lobby's platform curb was painted yellow on the top horizontal edge and on its vertical side, as well as on the immediately adjacent garage floor below the curb. Pantona alleged the improper painting concealed where the curb ended and where the garage floor began.

{¶ 8} Pantona's expert, Paul Burlij, an architect, submitted an affidavit and a report. He stated that the escalator lobby's platform curb was improperly painted because the yellow painting extended onto the adjacent parking garage floor. According to him, the continuous painting was in violation of the Ohio Building Code ("OBC") Section 1003, Paragraph 1003.5, which requires the top horizontal and side vertical wall of the curb be painted, but not the adjacent floor. Burlij noted the Americans with Disabilities Act ("ADA") regulations also recommend the provision of visual contrast. Burlij explained that the purpose of only painting the curb and not the surrounding area is based on safety — to provide contrast and to give warning and notice of a change in elevation. Burlij opined that "the improperly painted curb is a serious defect when [a pedestrian] leav[es] the escalator lobby that contributed to the fall and injuries sustained by Pantona."

{¶ 9} Without any analysis, the trial court issued a decision granting summary judgment in favor of Erieview. This appeal follows. On appeal, Pantona raises the following assignment of error for our review:

> The trial court erred as a matter of law by granting summary judgment when genuine issues of material fact exist in the record.

**Summary Judgment**

{¶ 10} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Pursuant to Civ.R. 56(C), summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**An Owner's Duty and the Doctrine of Open and Obvious**

{¶ 11} "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiffs injury." *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565, 697 N.E.2d 198 (1998).

{¶ 12} In this case, it is undisputed that Pantona was an invitee. "A property owner owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden defects." *Bounds v. Marc*

*Glassman, Inc.*, 8th Dist. Cuyahoga No. 90610, 2008-Ohio-5989, ¶ 19, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). "This includes providing safe ingress to and egress from the premises." *Id.*, citing *Tyrrell v. Invest. Assocs., Inc.*, 16 Ohio App.3d 47, 474 N.E.2d 621 (8th Dist.1984).

{¶ 13} However, it is well settled that an owner does not owe invitees a duty to warn of dangers that are open and obvious. *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5. The idea behind the open-and-obvious doctrine is that, because of the open-and-obvious nature of the hazard, property owners may reasonably expect the invitees to discover the hazard and take appropriate measures to protect themselves. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). The open-and-obvious doctrine goes to the element of duty, the threshold issue of a negligence claim. *Armstrong* at ¶ 13. The doctrine obviates any duty to warn of an obvious hazard and bars negligence claims for injuries related to the hazard. *Hammond v. Cleveland*, 8th Dist. Cuyahoga No. 97174, 2012-Ohio-494, ¶ 11, citing *Armstrong*.

{¶ 14} While the existence of a duty is a question of law for the court to decide, the issue of whether a hazardous condition is open and obvious may present a genuine issue of material fact for the jury to determine. *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306. *See also Carpenter v. Marc Glassman, Inc.*, 124 Ohio App.3d 236, 240, 705 N.E.2d 1281 (8th Dist.1997) (where reasonable minds could differ regarding whether a danger is open and obvious, the obviousness of the risk is an issue for the jury).

**{¶ 15}** In addition, "[a]ttendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious." *Klauss* at ¶ 20.

> While "there is no precise definition of 'attendant circumstances' * * * they generally include 'any distraction that would come to the attention of a pedestrian in the same circumstances and reduced the degree of care an ordinary person would exercise at the time.' *McGuire v. Sears, Roebuck and Co.*, 118 Ohio App.3d 494, 499, 693 N.E.2d 807 (1996) (citation omitted). Moreover, the phrase "attendant circumstances" refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. *Menke v. Beerman* (Mar. 9, 1998), Butler App. No. CA97-09-182, 1998 Ohio App. LEXIS 868, citing *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319, 421 N.E.2d 1275.

*Id.*

**{¶ 16}** In addition, we note that whether a hazard is open and obvious involves a fact-intensive inquiry and, therefore, comparing the facts of a given case with other cases is often of limited value. *Kidder v. Kroger Co.*, 2d Dist. Montgomery No. 20405, 2004-Ohio-4261, ¶ 11.

**{¶ 17}** Pantona argues an issue of fact exists regarding whether the elevation change was an open-and-obvious danger, specifically, whether the platform as painted concealed the elevation change. Pantona's architect expert opines that it is almost impossible for a person leaving the building to observe the curb edge because of the improper painting. Construing the evidence in a light most favorable to Pantona, the nonmoving party, we agree with Pantona and conclude the trial court improperly granted Erieview's motion predicated upon on the open-and-obvious doctrine.

{¶ 18} It is undisputed that the escalator lobby's platform's curb was painted yellow and the yellow painting extended to the immediately adjacent garage floor. Her expert stated that the continuous painting violated the OBC and ADA standards and it resulted in a lack of visual contrast for the change in elevation from the curb to the garage floor, creating a hidden defect. While "[t]he violation of an administrative rule does not constitute negligence per se[,] such a violation may be admissible as evidence of negligence." *Chambers*, 82 Ohio St.3d 563, 697 N.E.2d 198, at syllabus. *See also Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 21 (in slip-and-fall cases, a violation of the building code may serve as strong evidence that the condition at issue was dangerous and that the landowner breached the duty of care although the violation is mere evidence of negligence and does not raise an irrebuttable presumption of negligence).

{¶ 19} The record in this case contains evidence that created an issue of material fact for a jury to determine whether the platform's six-inch curb was an open-and-obvious hazard: the elevation change may have been concealed by the yellow painting on the curb edge being extended to the garage floor immediately below, thus creating a concealed and latent hazard. Because an issue of fact exists regarding whether the curb as painted was an open-and-obvious hazard, we do not reach the question of whether any attendant circumstances should have been considered.

**Whether Plaintiff Knew Why She Fell**

{¶ 20} Erieview also argues it is entitled to summary judgment because Pantona "cannot identify the cause of her fall." Erieview alleges that Pantona "states unequivocally that she does not know why she fell," citing page 41 of the transcript of her deposition testimony. Page 41 of the transcript reflects the following testimony:

> A. As I was exiting the * * * escalator, I was coming off the platform and I just went down. I didn't notice any markings or anything. *It seemed like everything was just flat.*
>
> Q. Do you know why you just went down?
>
> A. No, *because it appeared everything was flat when I fell. It didn't appear to have a platform or anything on it because it looked like it was all just straight.*

{¶ 21} Contrary to Erieview's assertion, Pantona did testify as to why she fell: there did not seem to be a curb drop — "everything was just flat." In addition, she submitted photographic evidence and an expert affidavit to support her allegation that her fall was caused by the curb drop being concealed by the improperly painted curb edge and the immediately adjacent garage floor below.

{¶ 22} Having reviewed the record and the pertinent case law authority, we conclude that there is an issue of material fact for a jury to determine regarding whether the escalator platform's six-inch curb was open and obvious obviating Erieview's duty to protect Pantona from the potential hazard. Consequently, the trial court improperly granted summary judgment in favor of Erieview. The first assignment of error is sustained.

**{¶ 23}** Judgment reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR